RECEIVED
IN LAKE CHARLES, LA
FEB 26 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00109-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ROY HATTON, JR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is Roy Hatton, Jr.'s ("Hatton") objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the two level enhancement pursuant to U.S.S.G. §2G1.3(b)(2)(B). This is a matter of first impression for this court. The issues raised in the defendant's objection have not been resolved by the Fifth Circuit and the few circuits which have discussed these issues, are in conflict.

Section 2G1.3(b)(2)(B) provides for a two-level increase if "a participant [of the crime] otherwise unduly influenced a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B). If the age difference between the defendant and the minor is ten years or more, there is a rebuttable presumption of undue influence. Hatton argues that this enhancement is not supported by the facts of this case because there was no real minor, only a law enforcement officer posing as a minor. Hatton argues that he could not influence a minor who did not exist.

The Eleventh Circuit has discussed this issue most extensively. In *United States v. Root*, 296

F.3d 1222, 1233 (11th Cir.2002), the court held that, under U.S.S.G. § 2A3.2 (2000),[1] "an undercover officer playing the role of a minor victim qualifies as a victim, thereby making an actual victim unnecessary." This Court reasoned that § 2A3.2 (2000) was enacted for the purpose of "ensuring that offenders who are apprehended in undercover operations are appropriately punished." *Id.* at 1234 (internal quotation marks omitted). The court in *Root* further held that "when an undercover officer is the recipient of communications related to the commission of a sex crime offense and no actual child is involved, a district court considering an undue influence enhancement, under § 2A3.2(b)(2)(B), must focus on the offender's conduct." *Id.* The Court explained that a contrary "interpretation would undermine the Sentencing Commission's stated purpose in amending the definition of victim under § 2A3.2 of ensuring that offenders who are apprehended in an undercover operation are appropriately punished." *Id.* (internal quotation marks omitted).

The defendant in *United States v. Mitchell* 353 F.3d 552, 556 (7th Cir. 2003), was convicted of traveling in interstate commerce with the intent to engage in an illicit sexual act with a 14-year-old girl. Unbeknownst to Mitchell, he was actually in communication with an adult posing as a minor. At sentencing, the district court imposed a two-level enhancement pursuant to §2A3.2(b)(2)(B), which provides for such an enhancement when the defendant unduly influences a minor under the age of sixteen to engage in prohibited sexual conduct. The Seventh Circuit reversed and remanded for resentencing and held that § 2A3.2(b)(2)(B) does not apply in situations of an attempt when the "victim" is actually an undercover law enforcement agent. *Id.* at 554. Key to

---

[1] Application Note 1 to U.S.S.G. § 2A3.2 (2000) provided that: "Victim" includes "an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 16 years."

2

the Seventh Circuit's holding was the term "unduly influenced" in the application guideline; the court noted that "the language of the enhancement is in the past tense; an honest reading of the plain language of the guideline would indicate that it could not apply where the participant had either failed in his attempt to influence the victim or where the two otherwise had not engaged in prohibited sexual conduct." *Id.* at 556. Mitchell does not stand for the proposition that because no minor was actually involved, no crime was committed; rather, the court held that it is inappropriate to apply the § 2A3.2(b)(2)(B) enhancement when a defendant and a putative minor/victim do not actually engage in sexual conduct. *United States v. Morris,* 2008 WL 496165, 4 (E.D.Wis. 2008).

The Sixth Circuit, in *United States v. Chriswell,* 401 F.3d 459 (6th Cir. 2005), held that the two-level enhancement for unduly influencing a minor under age sixteen to engage in prohibited sexual conduct was not available after a conviction of attempting via the internet to persuade a minor to engage in sexual activity and traveling in interstate commerce for the purpose of engaging in sexual activity with a minor when the victim was an undercover law enforcement officer representing himself to be a child under age of sixteen, and not an actual minor. The court opined that the undercover officer was not persuaded in thought or deed, and thus was not unduly influenced. *Id;* U.S.S.G. § 2A3.2(b)(2)(B), 18 U.S.C.A.

The court in *Chriswell* thoroughly discussed *Root* and *Mitchell,* considered the different reasoning used by the two circuits and found problems with both. Then, the *Chriswell* court declined to adopt the position of either court in its entirety and suggested a third approach to the application of U.S.S.G. § 2A3.2(b)(2)(B) and held that the two point enhancement is not applicable in cases in which the victim is an undercover agent representing himself to be a child under the age of sixteen. *Id.* at 469. The Sixth Circuit reasoned that:

The definition of "unduly" is "without due cause or justification; without proper regard to right and wrong; unrightfully, improperly." The definition of "influence" is "to exert influence upon, to affect by influence;" "to affect the mind or action of." Oxford English Dictionary, http://dictionary.oed.com/. The dictionary definition of "undue influence" suggests, by its reference to affecting the mind or action of another, that there must be an actual person who is affected in some way. An undercover law enforcement officer who is not at all persuaded in thought or in deed, therefore, cannot be "unduly influenced." Thus, the plain language of § 2A3.2(b)(2)(B) indicates that the two level enhancement should not be available in cases involving undercover agents rather than actual minors.

While it is true that the Guidelines specifically define victim to include undercover agents posing as underage children for purposes of interpreting the language of § 2A3.2, this definition should not apply in provisions in which such a definition does not make sense. Section 2A3.2(b)(2)(B) is not the only section of § 2A3.2 in which interpreting "victim" to include an undercover agent would require a distorted or illogical reading of the Guidelines; § 2A3.2(b)(1) provides for a two level enhancement where the victim "was in the custody, care, or supervisory control of the defendant." Although ostensibly the Guideline definition of victim applies to this subsection as well, it is impossible to conjure a situation in which "victim" in this context could be fairly read to include an undercover agent. Only by altering the meaning of the subsection could this provision possibly apply where the victim is an undercover agent.

The same reasoning applies to § 2A3.2(b)(2)(B). Because the Guidelines specify that the court must look to whether the defendant's "influence over the victim compromised the voluntariness of the victim's behavior," U.S.S.G. § 2A3.2(b)(2)(B), application note 4, the court must engage in a victim-focused inquiry when applying this subsection in every case. There is no authority in the Guidelines for ignoring this provision where the victim is in reality a fictitious persona created by an undercover agent. Reading into the Guidelines a different standard to apply in such cases without any indication within the text of the Guidelines that such an action is appropriate, as the Eleventh Circuit did in *Root*, comes perilously close to judicial rewriting of the Guidelines.

*Id.* at 469.

The subsequent case of *United States v. Vance*, 494 F.3d 985 (11th Cir. 2007) declined to follow *Chriswell*. The Eleventh Circuit held that § 2G1.3(b)(2)(B) can apply where the minor is fictitious, as "the focus is on the defendant's intent, not whether the victim is real or fictitious." *See*

4

*Id. at* 995-97 (11th Cir.2007). The court relied on its own circuit precedent in *United States v. Murrell*, 368 F.3d 1283 (11th Cir.2004). In *Murrell*, the court held that sentencing enhancements can be applied even though the defendant only communicated with a male undercover officer who was posing as the father of a fictitious thirteen-year-old daughter. Id. at 1289-90. In Murrell, the defendant was convicted, under 18 U.S.C. § 2422(b), of "using a facility of interstate commerce to attempt to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity." *Id.* at 1284. The Court of Appeal held that the district court properly enhanced the defendant's sentence under U.S.S.G. § 2G1.1(b)(2)(B) (2003), a similar Sentencing Guidelines provision to § 2G1.3(b)(2)(B). *Id.* at 1289. The 2003 version of § 2G 1.1(b)(2)(B) provided that a defendant should receive a two-level sentencing enhancement for "an offense involving a victim between the ages of twelve and sixteen." *Id.* at 1288 (internal quotation marks omitted). *Vance*, 494 F.3d at 995.

The court explained in *Murrell* that "[b]ecause the Sentencing Commission specifically provided that undercover officers are victims for purposes of § 2G1.1, we deduce that the enhancement is directed at the defendant's intent, rather than any actual harm caused to a genuine victim." *Id.* at 1289 (internal quotation marks omitted).[2] "Thus, the enhancement applies whether the minor 'victim' is real, fictitious, or an undercover officer." *Id; Vance*, 494 F.3d at 995.

---

[2] Application Note 1 to U.S.S.G. § 2G1.1 (2003) provided that:
"Victim" means a person transported, persuaded, induced, enticed, or coerced to engage in, or travel for the purpose of engaging in, a commercial sex act or prohibited sexual conduct, whether or not the person consented to the commercial sex act or prohibited sexual conduct. Accordingly, "victim" may include an undercover law enforcement officer.

5

In the case at bar, in the absence of Fifth Circuit guidance, this court concurs with the reasoning of the Eleventh Circuit that the enhancement is directed at the defendant's intent, rather than any actual harm caused to a genuine victim. Hatton's argument based on the fictitious nature of the victim is contrary to the holding in *Vance*. Hatton presented no evidence to rebut the presumption of undue influence arising from the ten-year age difference between himself and the "minor." The presumption was adequately supported by the evidence, which included detailed descriptions in the exchanges between Hatton and the "minor."[3] *Cf. Root*, 296 F.3d at 1236 (affirming district court's finding that defendant failed to rebut presumption of undue influence, where defendant displayed increased knowledge to influence the "minor" by describing sexual activities in detail and stating that sex would "feel good" and not cause her pain; used persuasive powers, in part by stating that he would be "gentle" and "patient"; and used superior resources to influence the "minor" by using his office computer to send instant messages and send pictures of himself to her, driving his car across states to meet her, and telling her that she would not need to worry about bringing money to their meeting). *See also United States v. Yilmazel*, 256 Fed.Appx. 297, 300-301, 2007 WL 4180527, 3 (11th Cir. 2007)(unpublished).

Hatton told the "minor" that teenage boys would be rough with her because they would only want to please themselves. He told her that even slightly older boys would try to use her and not care if they hurt her. He told her repeatedly about how gentle he would be with her. He offered to instruct her in masturbation techniques. He offered to buy food for her.

The facts of the case at bar support a finding that, while Hatton did not actually exercise

---

[3] The court considered, not the small excerpt presented by the defense, but the transcript of the entire exchange between the "minor" and Hatton.

6

undue influence, the facts would have constituted undue influence had the victim been fourteen and not an undercover officer. Considering this finding, in addition to the presumption arising from the age difference of over ten years between the defendant and the "minor," this court finds that the two point enhancement was correctly applied.[4]

Lake Charles, Louisiana, this 25 day of February, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Most disconcerting is that all the time Hatton was online soliciting a person he believed to be a 14 year old girl, he had at least two teenage daughters of the same age living at home with him and his wife.