RECEIVED
IN LAKE CHARLES, L.
APR 17 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08CR00109 |
| VS. | : | JUDGE MINALDI |
| RAY HATTON, JR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's motion filed pursuant to 28 U.S.C. §2255 and the incorporated Motion to Expedite (Rec. Doc. 95). The Government filed an Answer (Rec. Doc. 100) and the defendant filed a Reply (Rec. Doc. 101).

### Procedural History[1]

On October 3, 2008, the defendant, Ray Hatton, Jr. ("Hatton"), pleaded guilty to an indictment charging him with enticing or coercing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). (Rec. Doc. 30).

On March 11, 2009, the defendant was sentenced to 65 months imprisonment. (Rec. Doc. 38). On March 6, 2009, the defendant filed a notice of appeal. (Rec. Doc. 36). The appeal was dismissed for lack of prosecution on June 9, 2009. The defendant had failed to timely pay the docketing fee, order the transcript and make financial arrangements with the court reporter. The judgment was entered in to the district court record on June 18, 2009. (Rec. Doc. 40).

On August 29, 2011, the defendant filed a motion for retroactive application of sentencing

---

[1] As summarized by the Government and accepted by the defendant.

guidelines which this Court denied on May 7, 2012. (Rec. Docs. 57, 75, 76).

On September 27, 2012, this Court denied a series of post-conviction motions filed by the defendant in which he had challenged conditions of supervised release. (Rec. Doc. 91). On October 15, 2012, the defendant filed a notice of appeal as to that denial. (Rec. Doc. 92). On December 17, 2012, the United States Court of Appeals for the Fifth Circuit dismissed that appeal for want of prosecution because the defendant had failed to timely order transcripts and make financial arrangements with the court reporter. The judgment was entered into the district court record on January 14, 2013. (Rec. 94).

On January 2, 2013, the defendant filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Rec. Docs. 95, 96).

Law

This §2255 motion is time-barred because Hatton failed to file the motion within one year of the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Hatton does not dispute that his section 2255 motion was untimely under §2255(f)(1). Instead, he contends that the government is in violation of this court's order of January 17, 2013[2] and in violation of Rule 5[3] of §2255.

---

[2] The court allowed the government twenty (20) days to file an answer. In response the government filed an anser on February 4, 2013 and then realized it had been filed in the wrong case. The answer was filed February 10. While technically the answer was due February 6, 2013, the court has considered the error made and will not consider the response untimely.

[3] Rule 5(b) provides that where the district court directs the Government to answer a §2255 motion, "[t]he answer must address the allegations in the motion. In addition it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." *U.S. v. Allen,* 482 Fed.App'x. 366, 368 (10th Cir. 2012).

Hatton is arguing a contractual cause of action asserting that the government has perpetrated fraud on the court. He argues that the government's answer is insufficient because his contractual and fraud arguments were not addressed. If the §2255 motion is untimely, however, the government need not discuss the merits of the motion.

Accordingly, Hatton's motion will be dismissed as untimely. His motion for an evidentiary hearing and to expedite will be denied.

Lake Charles, Louisiana, this 17 day of April, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE